# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

JAMES NORRIS,          )
                                )
      Plaintiff,         )
                                )
v.                         )     Case No. 4:17-cv-00095-SGC
                                )
NANCY A. BERRYHILL,    )
Acting Commissioner of     )
Social Security,         )
                                )
      Defendant.      )

## <u>MEMORANDUM OPINION</u>[1]

The plaintiff, James Norris, seeks review of the final decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). (Doc. 1). Mr. Norris timely pursued and exhausted his administrative remedies, and the case is ripe for review pursuant to 42 U.S.C. § 405(g).

## I. FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

At the time he applied for benefits, January 9, 2014, Mr. Norris was 47 years old. (R. 19, 71-72). He completed the tenth grade and had training as an automobile mechanic. (R. 32, 33). Mr. Norris has past work as a delivery driver, repossessor, construction laborer, cabinet assembler, cabinet finisher, stockyard

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 10).

attendant, and farm laborer. (R. 46-47). Mr. Norris claims he became disabled as of November 1, 2012, due to bulging discs and chronic back pain. (R. 40, 187). After the Social Security Administration ("SSA") denied his applications (R. 73, 78), he requested a hearing before an Administrative Law Judge ("ALJ") (R. 27, 86). After the June 3, 2015 hearing, the ALJ found the plaintiff did not have an impairment or a combination of impairments listed in, or medically equivalent to, one listed in the Listings of Impairments. (R. 15, 27). The ALJ further found the plaintiff retained the residual functional capacity to perform a reduced range of light work (R. 15-16) and, while he had no transferrable job skills, jobs exist in the national economy in significant numbers which the plaintiff could perform (R. 19). In light of these findings, the ALJ denied Mr. Norris's request for a period of disability on August 7, 2015. (R. 20).

Mr. Norris requested the Appeals Council review the ALJ's decision (R. 8), which the Appeals Council denied (R. 1).[2] Therefore, the ALJ's decision is the final decision of the Commissioner of Social Security. (*Id*.) Mr. Norris then filed a complaint in this court on January 17, 2017, seeking reversal of the Commissioner's decision. (Docs. 1, 15).

The regulations require the Commissioner to follow a five-step sequential

---

[2] The plaintiff submitted additional medical evidence to the Appeals Council on September 29, 2016. (R. 5, 424-447). The Appeals Council stated it considered the additional records, but found the information did not provide a basis to change the ALJ's decision. (R. 2).

evaluation to determine whether a claimant is eligible for a period of disability, SSI, and DIB. *See* 20 C.F.R. §§ 404.1520(a)(1)-(2); 416.920(a)(1)-(2). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. §§ 404.1520(b); 416.920(b). If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). The burden is on the claimant to "provide medical evidence showing ... impairment(s)" and the severity of them during the time the claimant alleges disability. 20 C.F.R. §§ 404.1512(c); 416.912(c). An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d)-(e); 416.920(a)(4)(iii), (d)-(e); §§ 404.1525; 416.925; §§ 404.1526; 416.926. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 416.920(d); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 (The Listings). If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d). If the impairment does not meet or equal the criteria of any Listing, the claimant must prove that his impairment prevents him from performing his past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); 416.920(a)(4)(iv), (f).

At step four, the Commissioner "will first compare [the Commission's] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. §§ 404.1560(b); 416.960(b). If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled. 20 C.F.R. §§ 404.1560(b)(3); 416.960(b)(3). If the claimant establishes he is unable to perform his past relevant work, the Commissioner must show that the claimant—in light of his RFC, age,

education, and work experience—is capable of performing other work that exists in substantial numbers in the national economy. 20 C.F.R. §§ 404.1560(c)(1); 416.960(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. §§ 404.1520(g); 416.920(g).

Applying these steps, the ALJ determined that Mr. Norris had not engaged in substantial gainful employment since his alleged onset date. (R. 14). At step two, the ALJ found Mr. Norris suffered from the severe impairments of spine disorder, chronic obstructive pulmonary disease, and obesity. (*Id*.). The ALJ found Mr. Norris's anxiety to be non-severe because it did not cause more than minimal limitation in his ability to perform work related activities. (*Id*.). Next, the ALJ found Mr. Norris did not have an impairment or combination of impairments that met or medically equaled any Listing. (R. 15). The ALJ determined Mr. Norris had the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), reduced by limitations of: lifting 10 pounds frequently and 20 pounds occasionally; no concentrated exposure to extreme heat, cold, vibration, or pulmonary irritants; no work around hazardous machinery or unprotected heights; and no continuous overhead reaching. (R. 15-16). At step four, considering this RFC, the ALJ determined Mr. Norris could not perform any past relevant work, but found at step five, through the use of Vocation Expert testimony, that he could

perform jobs which exist in the national economy in significant numbers, such as parts assembler, packer/inspector, and cashier. (R. 18, 19).

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court is limited to an inquiry into whether substantial evidence exists to support the findings of the Commissioner and whether the correct legal standards were applied. *Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). The court gives deference to the factual findings of the Commissioner but reviews questions of law *de novo*. *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253, 1260 (11th Cir. 2007). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), rather it must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

# III. DISCUSSION

Mr. Norris contends the ALJ failed to consider his subjective pain testimony, the side effects of medication, and the length of time of treatment, requiring reversal of the ALJ's decision. (Doc. 15 at 8-12). The Commissioner responds that the ALJ's decision was supported by substantial evidence, particularly the lack of any objective medical findings. (Doc. 17 at 7-14).

In cases where a plaintiff claims disability solely based on pain, the Eleventh Circuit has instructed that the following standard applies:

> When a claimant attempts to establish a disability through [his] own testimony concerning pain or other subjective symptoms, we apply a three-part test, which requires (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (b) that the objectively determined medical condition is of a severity that can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.*

> If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ must consider all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors. *Id.* § 404.1529(c)(1)-(2). The ALJ may consider other factors, such as: (1) the claimant's daily activities; (2) the location, duration,

frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve [his] pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to [his] pain or symptoms. *Id.* § 404.1529(c)(3). The ALJ must then examine the claimant's statements regarding [his] symptoms in relation to all other evidence, and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id.* § 404.1529(c)(4).

*Costigan v. Comm'r, Soc. Sec. Admin.*, 603 F. App'x 783, 786–87 (11th Cir. 2015).

Mr. Norris's medical records reflect he was seen in August 2011 and July 2012 for insect bites.[3] (R. 248-269). A chiropractor's record in May 2011 reflects that x-rays of the plaintiff's lumbar spine showed disc wedging at L3-L4, right spinous rotation at L5, and mild foraminal encroachment at L5-S1. (R. 359).

The next medical record is from June 2013, when Mr. Norris was seen by Dr. Mark Murphy for chronic pain. (R. 308). Dr. Murphy's records note a history of severe pain for the past five years, caused by working. (*Id.*). Mr. Norris reported that medications adequately manage his pain but he had been unable to work. (*Id.*). A notation reflects the plaintiff's past medical history to include a herniated disc and spinal stenosis. (*Id.*). Upon examination, the plaintiff was found to have normal muscle tone, with tenderness at C5-6 in his cervical spine, but normal range of motion. (R. 309). Irregular curvature of the plaintiff's

---

[3] The July 2012 records show a diagnosis of cellulitis with a ruptured abscess on the back of the plaintiff's leg. (R. 257, 259).

cervical spine was noted. (*Id.*). Tenderness and spasm were noted in the plaintiff's lumbar spine with decreased range of motion and decreased leg strength. (*Id.*). X-rays reflected disc wedging and foraminal stenosis in the plaintiff's lumbar spine. (R. 310). Dr. Murphy diagnosed the plaintiff as suffering from back pain, lumbar disc degeneration, and radiculitis. (*Id.*). Dr. Murphy prescribed Roxicodone, an opioid, for pain, as well as muscle relaxers and other medications. (R. 311). The following month, the plaintiff reported the pain medications allowed him to achieve his activities of daily living and attend outings as he desired. (R. 303).

After a car wreck in January 2014, the plaintiff complained of mild or moderate tenderness in his lower back. (R. 239, 241). Upon examination, he had mildly limited range of motion in his back. (R. 239). X-rays of his lumbar spine found no significant abnormality. (R. 237).

Mr. Norris continued to see Dr. Murphy monthly through May 2015. (R. 273-301, 317-357, 382-415). The plaintiff was advised to walk for exercise and stop smoking on multiple occasions. (*See e.g.*, R. 311, 323, 329, 335, 384). In January 2015, the plaintiff rated his pain as an eight out of ten without medication and a four out of ten with it. (R. 390). In April 2015, the plaintiff related his pain as a nine out of ten without medication and a five out of ten with it. (R. 377). In May 2015, the plaintiff was noted to be tender over his lower back and hips and asked for a Viagra prescription, which Dr. Murphy wrote. (R. 418, 421). The

plaintiff also wanted to discuss changing his medications. (R. 418).

Because Dr. Murphy instructed the plaintiff he would no longer prescribe Xanax, the plaintiff saw Dr. David Campbell in February 2015. (R. 319, 364). Upon examination, the plaintiff was noted to have normal gait, could stand without difficulty, and had normal muscle strength. (R. 368).

In his activities of daily living, Mr. Norris stated he can care for himself but his wife helps with his hair because he cannot keep his arms raised very long. (R. 173). He cooks meals, does some laundry, and cuts his yard with a riding lawn mower, although he takes frequent breaks. (R. 174). He occasionally goes to the grocery store. (R. 175). The plaintiff reported he can lift 15 pounds but anything heavier is painful, and he can stand for 10 minutes and sit for 20 minutes before he has to change due to pain. (R. 177).

When asked by the ALJ at the hearing why he cannot work, the plaintiff responded,

> My back, my lower back, my – it's my sciatic nerve. It hurts down through my legs. I can't bend over, and well, if I bend over it hurts. I've got – the doctor told me I had some bulging discs in my neck. If I turn it to about right there, it starts – this is as far as it'd turn. And also in the middle of my back he said I have some bulging discs.

(R. 40).

Mr. Norris testified if he sits too long, he has to get up and walk around. (R. 40). If he walks too much, he has to get in his recliner or lie down in bed. (*Id*.).

The plaintiff estimated he could sit about 30 minutes at a time and stand for 25-35 minutes at a time. (R. 40-41). He could walk 15-20 minutes before he would have to stop. (R. 41). The plaintiff spends his day doing housework and in and out of his recliner, resting for 30 minutes to an hour at a time, and estimates he spends about four hours total in it each day. (R. 42-43). The plaintiff also mentioned he has bulging discs in his neck that cause shooting pains if he turns his head to the right. (R. 44). He believes he could lift 20 pounds, but not continuously. (R. 46).

Credibility determinations are the province of the ALJ, and a clearly articulated credibility finding supported by substantial evidence will not be disturbed. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). In determining credibility, the ALJ should consider all relevant evidence in the record, including objective medical evidence, the claimant's own statements, inconsistencies in the evidence, and evidence provided by physicians or other persons. *See* 20 C.F.R. 404.1529(c)(4), 416.929(c)(4).[4] "The question is not ... whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). Here, in considering Mr. Norris's

---

[4] After the ALJ issued his decision, certain Social Security rulings and regulations, including 20 C.F.R §§ 404.1529 and 416.929 were amended. *See e.g.,* 20 C.F.R. §§ 404.1529 and 416.929 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (effective March 16, 2016) (rescinding SSR 96-7p which required "credibility" determinations). However, the court applies the rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r,* — F.3d —, 2017 WL 5077522, at *4 (11th Cir. 2017) (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)).

testimony and medical records, the ALJ correctly stated the standard he must apply when a plaintiff complains of disabling pain. (R. 16). The ALJ noted Mr. Norris did not allege any particular incident from which his pain began and that scant objective evidence existed to support the plaintiff's allegations of disabling pain. (R. 17). The ALJ found that Dr. Murphy appeared to rely on the May 2011 x-rays and that the January 2014 x-rays showed no significant abnormalities. (R. 16-17). The ALJ recognized that no studies existed which confirmed any condition likely to cause the level of pain alleged.[5] (R. 17). Moreover, the ALJ found the daily activities engaged in by Mr. Norris were consistent with the residual capacity for light work and that no functional limitations beyond not driving or operating machinery within four hours of taking medicine appeared in the record. (R. 18).

While Mr. Norris argues that the ALJ should have taken the "last four years

---

[5] The records submitted to and considered by the Appeals Council include an August 2016 report of MRIs of the plaintiff's cervical and lumbar spine. (R. 428). These reports reflect that the plaintiff has a broad-based disc bulge contributing to mild spinal stenosis as the C4-C5 level, mild disc bulges at the C5-C6 and C6-C7 levels, mild disc bulging at the L5-S1 level, and bilateral facet hypertrophy at the L4-L5 level. (R. 428-429). In September 2016, the plaintiff was hospitalized for delirium. (R. 430-447). However, the plaintiff does not mention these records in his brief to this court, and nothing in those records suggests the plaintiff suffered from these conditions prior to August 7, 2015, the date of the ALJ's decision. Because the new records do not relate to the time period before the ALJ, they do not require remand of this case to the Commissioner. *See Leiter v. Comm'r of Soc. Sec.*, 377 F. App'x 944, 950 (11th Cir. 2010) ("For evidence to be new and noncumulative, it must relate to the time period on or before the date of the ALJ's decision …. Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefits in a new application, but it is not probative of whether a person was disabled during the specific period under review.") (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)); *see also Hargress,* 2017 WL 5077522, *5 ("New evidence is chronologically relevant if it 'relates to the period on or before the date of the [ALJ's] hearing decision.'") (citing 20 C.F.R. § 404.970(b), 416.1470(b) (2016)).

of prescribed pain treatment as convincing evidence of disability" (doc. 15 at 11), "the type, dosage, effectiveness, and side effects of medication taken" is but one factor in assessing the intensity and persistence of symptoms. *See e.g., Sims v. Commissioner of Soc. Sec*., -- Fed.App'x --, 2017 WL 4862506, *7 (11th Cir. 2017). As the Commissioner notes, no precedent exists for finding that the prescribing of pain medication alone requires a finding of disability. (*See* doc. 17 at 12). As credibility determinations are within the ALJ's discretion, this court can only second guess the ALJ's conclusions if he arrived at them via a deficient procedure. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). Here, because the ALJ articulated specific reasons for rejecting the plaintiff's credibility, he adhered to the procedural requirements of 20 CFR §§ 404.1529(c) and 416.929(c).

## IV. CONCLUSION

For the foregoing reasons, the court finds the decision of the Commissioner is supported by substantial evidence and due to be affirmed. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 22nd day of January, 2018.

*Staci G. Cornelius*

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE